APPEALCR,INTERPRETER

# U.S. District Court
## Eastern District of Virginia − (Alexandria)
## CRIMINAL DOCKET FOR CASE #: <u>1:25−mj−00204−WEF−1</u>

Case title: USA v. Villatoro Santos                    Date Filed: 03/27/2025

Assigned to: Magistrate Judge
William E. Fitzpatrick

**<u>Defendant (1)</u>**

**Henrry Josue Villatoro Santos**          represented by     **Muhammad Elsayed**
Elsayed Law PLLC
3955 Chain Bridge Road
Ste Floor 2
Fairfax, VA 22030
703−884−2636
Fax: 703−884−2637
Email: <u>me@elsayedlaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Valencia Danyale Roberts**
Federal Public Defender EDVA Richmond Division
1650 King Street
Suite 500
Alexandria, VA 22314
703−600−0870
Fax: 703−600−0880
Email: <u>valencia_roberts@fd.org</u>
*TERMINATED: 04/08/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

**<u>Pending Counts</u>**                              **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Opening)</u>**

None

**<u>Terminated Counts</u>**                           **<u>Disposition</u>**

None

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|

18 USC 922(g)(5)(A)
Firearm possession by Alien

---

**Plaintiff**

**USA**                                          represented by    **John C. Blanchard**
DOJ−USAO
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
703−299−3700
Email: john.blanchard@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/27/2025 | 1 | COMPLAINT as to Henrry Josue Villatoro Santos (1). (nneb) (Entered: 03/27/2025) |
| 03/27/2025 | 2 | AFFIDAVIT by USA as to Henrry Josue Villatoro Santos 1 Complaint (nneb) (Entered: 03/27/2025) |
| 03/27/2025 | 4 | Redacted Criminal Case Cover Sheet (nneb) (Entered: 03/27/2025) |
| 03/27/2025 | 5 | Arrest Warrant Issued by Magistrate Judge Lindsey R. Vaala in case as to Henrry Josue Villatoro Santos. (nneb) (Entered: 03/27/2025) |
| 03/27/2025 | | Arrest of Henrry Josue Villatoro Santos (nneb) (Entered: 03/27/2025) |
| 03/27/2025 | 6 | Minute Entry for proceedings held before Magistrate Judge Lindsey R. Vaala: Initial Appearance as to Henrry Josue Villatoro Santos held on 3/27/2025. U.S. appeared through: John Blanchard. Deft appeared without counsel. Duty AFPD: Whitney Minter and Spanish Interpreter: Maria Horvath present. Deft informed of rights, charges and penalties. Court to appoint counsel − FPD. Counsel for the parties and the defendant were orally advised of the disclosure obligations set forth in Brady v. Maryland. 373 U.S. 83 (1963) and its progeny. Gov't seeking detention − GRANTED pending PH/DH. Detention and Preliminary Hearing set for 4/1/2025 at 02:00 PM in Alexandria Courtroom 400 US Magistrate Judge William B. Porter. Deft remanded.(Tape #FTR.)(nneb) (Entered: 03/27/2025) |
| 03/27/2025 | 7 | CJA 23 Financial Affidavit by Henrry Josue Villatoro Santos (nneb) (Entered: 03/27/2025) |
| 03/27/2025 | 8 | |

| | | |
|---|---|---|
| | | ORDER − This matter comes before the Court on its own initiative. Pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, the Court ORDERS the United States to adhere to the disclosure obligations set forth in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady v. Maryland instructs that "the suppression by the prosecution of evidence favorable to an accused" violates due process where the evidence is "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Failure to adhere to this requirement may result in serious consequences, up to and including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the court. Having given counsel the oral admonition required by the Due Process Protections Act, this Order serves as the reminder of prosecutorial obligation and duties in accordance with Rule 5(f) and the Eastern District of Virginia Standing Order concerning the same as to Henry Josue Villatoro Santos. Signed by Magistrate Judge Lindsey R. Vaala on 3/27/2025. (nneb) (Entered: 03/27/2025) |
| 03/27/2025 | 9 | Temporary Detention Order as to Henry Josue Villatoro Santos. Signed by Magistrate Judge Lindsey R. Vaala on 3/27/2025. (nneb) (Entered: 03/27/2025) |
| 03/27/2025 | | ORAL ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Henry Josue Villatoro Santos − Valencia Danyale Roberts for Henry Josue Villatoro Santos appointed. Entered by Magistrate Judge Lindsey R. Vaala on 3/27/2025. (nneb) (Entered: 03/27/2025) |
| 03/31/2025 | | **Interpreter Information: Miriam Deutsch** is the Interpreter. Spanish is the type of language required. Appointment is set for 4/1/2025 @ 2:00 p.m. for a Detention and Preliminary Hearing (swil) (Entered: 03/31/2025) |
| 04/01/2025 | 10 | Minute Entry for proceedings held before US Magistrate Judge William B. Porter: Detention and Preliminary Hearing as to Henry Josue Villatoro Santos held on 4/1/2025. USA appeared through John Blanchard. Defendant appeared with counsel − Valencia Roberts. Spanish Interpreter − Miriam Deutsch was present. Detention Hearing waived. Preliminary Hearing held. Government adduced evidence and rests. The court finds probable cause. Matter continued for further proceedings before the Grand Jury. Defendant remanded to the custody of the USMS. (Tape #FTR.)(Dcrow, ) (Entered: 04/01/2025) |
| 04/01/2025 | 11 | ORDER OF DETENTION as to Henry Josue Villatoro Santos. Signed by US Magistrate Judge William B. Porter on 4/1/2025. (Dcrow, ) (Entered: 04/01/2025) |
| 04/08/2025 | 12 | MOTION to Withdraw as Attorney *and Appointment of Substitute Counsel* by Valencia Roberts. by Henry Josue Villatoro Santos. (Attachments: # 1 Proposed Order)(Roberts, Valencia) (Entered: 04/08/2025) |
| 04/08/2025 | 13 | ORDERED that the Office of the Federal Public Defender is relieved from further representation in this matter. It is FURTHER ORDERED that new counsel be appointed to represent Defendant as to Henry Josue Villatoro Santos. Signed by Magistrate Judge William B. Porter on 04/08/2025. (jlan) (Entered: 04/08/2025) |
| 04/09/2025 | | CJA 20 Appointment of Attorney Muhammad Elsayed for Henry Josue Villatoro Santos. (jlan) (Entered: 04/09/2025) |
| 04/09/2025 | 14 | MOTION to Dismiss by USA as to Henry Josue Villatoro Santos. (Attachments: # 1 Proposed Order)(Blanchard, John) (Entered: 04/09/2025) |

| | | |
|---|---|---|
| 04/09/2025 | 15 | MOTION To Delay Entry of Dismissal Order re 14 MOTION to Dismiss by Henrry Josue Villatoro Santos. (Elsayed, Muhammad) (Entered: 04/09/2025) |
| 04/10/2025 | | Case as to Henrry Josue Villatoro Santos Reassigned to Magistrate Judge Lindsey R. Vaala. US Magistrate Judge William B. Porter no longer assigned to the case. (swil) (Entered: 04/10/2025) |
| 04/10/2025 | 16 | ORDERED that the Court will hold a hearing on the motions on April 15, 2025 at 10:00 am. The hearing will be before Judge Fitzpatrick in Courtroom 500. If the Government wishes to file a response to Defendant's motion, it must do so by 5:00 pm on April 11, 2025. Defendant's reply, if any, is due by April 14, 2025 at 5 :00 pm. The United States Marshal is directed to produce the defendant for the hearing on April 15, 2025 as to Henrry Josue Villatoro Santos (see Order for further details). Signed by Magistrate Judge Lindsey R. Vaala on 4/10/2025. (swil) (Entered: 04/10/2025) |
| 04/10/2025 | | Set Deadlines re Motion in case as to Henrry Josue Villatoro Santos 14 MOTION to Dismiss, 15 MOTION To Delay Entry of Dismissal Order. Motion Hearing set for 4/15/2025 at 10:00 AM in Alexandria Courtroom 500 before Magistrate Judge William E. Fitzpatrick. (swil) (Entered: 04/10/2025) |
| 04/10/2025 | | Case as to Henrry Josue Villatoro Santos Reassigned to Magistrate Judge William E. Fitzpatrick. Magistrate Judge Lindsey R. Vaala no longer assigned to the case. (swil) (Entered: 04/10/2025) |
| 04/11/2025 | 17 | RESPONSE in Opposition by USA as to Henrry Josue Villatoro Santos re 15 MOTION To Delay Entry of Dismissal Order re 14 MOTION to Dismiss (Blanchard, John) (Entered: 04/11/2025) |
| 04/14/2025 | 18 | REPLY TO RESPONSE to by Henrry Josue Villatoro Santos re 17 Response in Opposition *to Motion to Delay Entry of Dismissal Order* (Elsayed, Muhammad) (Entered: 04/14/2025) |
| 04/15/2025 | 19 | Minute Entry for proceedings held before Magistrate Judge William E. Fitzpatrick: Motion Hearing as to Henrry Josue Villatoro Santos held on 4/15/2025. U.S. appeared through: John Blanchard. Deft appeared with counsel: Muhammad Elsayed. Spanish interpreter : Maria Horvath present. Gov't Motion to Dismiss − Argued & GRANTED. Ordered that the entry of the Order is STAYED until 4/18/2025 @ 10:00am. Deft will not be transferred to the jurisdiction of DHS before 4/18/2025 @ 10:00am. Order to follow. (Tape #FTR.)(nneb) (Entered: 04/15/2025) |
| 04/15/2025 | 20 | Upon consideration of the Motions and for the reasons stated in open court, it is hereby ORDERED that the Government's Motion to Dismiss (Dkt. 15) is GRANTED; and it is further ORDERED that the Defendant's Motion to Delay Entry of Dismissal Order (Dkt. 15) is DENIED; and it is further ORDERED that the criminal complaint against the Defendant is dismissed without prejudice; and it is further ORDERED that the entry of the dismissal of the criminal complaint against the Defendant is STAYED until 10:00am ET on Friday, April 18, 2025 to permit Defendant to appeal this Order or pursue other remedies; and it is further ORDERED that the Defendant shall remain in the custody of the United States Marshal until 10:00am ET on Friday, April 18, 2025; and it is further ORDERED that the Defendant may not be transferred to the custody of the Department of Homeland Security before 10:00am ET on Friday, April 18, 2025. Signed by Magistrate Judge William E. Fitzpatrick on 4/15/2025. (nneb) (Entered: 04/15/2025) |
| 04/16/2025 | 21 | |

| | | |
|---|---|---|
| | | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Henrry Josue Villatoro Santos re 20 Order on Motion to Dismiss,,,, Order on Motion for Miscellaneous Relief,,, (Elsayed, Muhammad) (Entered: 04/16/2025) |
| 04/16/2025 | 22 | Emergency MOTION to Stay re 21 Appeal of Magistrate Judge Decision to District Court . (Elsayed, Muhammad) (Entered: 04/16/2025) |
| 04/16/2025 | 23 | TRANSCRIPT of motion proceedings held on 4−15−25, before Judge William E. Fitzpatrick. Court reporter Diane Salters, Telephone number 301−338−8033. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 5/16/2025. Redacted Transcript Deadline set for 6/16/2025. Release of Transcript Restriction set for 7/15/2025.(Salters, Diane) (Entered: 04/16/2025)** |

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br><br>HENRRY JOSUE VILLATORO SANTOS<br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-mj-204 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____March 27, 2025_____ in the city/county of _____Prince William_____
in the _____Eastern_____ District of _____Virginia_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(5)(A) | Firearm Possession by Alien |

This criminal complaint is based on these facts:

See affidavit.

☑ Continued on the attached sheet.
Reviewed by AUSA/SAUSA

_____John Blanchard_____
*Printed name and title*

*Complainant's signature*

ICE ERO Jason Klepec
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone
_____ *(specify reliable electronic means)*.

Date: __3/27/2025__

Lindsey R Vaala
Digitally signed by Lindsey R Vaala
Date: 2025.03.27 13:14:12 -04'00'
*Judge's signature*

City and state: ___Alexandria, VA___

Hon. Lindsey R. Vaala, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

    v.

HENRRY JOSUE VILLATORO SANTOS,

    *Defendant.*

Case No. 1:25-mj-204

**AFFIDAVIT IN SUPPORT OF A
CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Jason Klepec, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.    I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") in Chantilly, Virginia.

2.    I have been employed with ICE for more than 15 years. During that time, I have received general law enforcement training. I have also received specialized training in and conducted investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Titles 8 and 18 of the United States Code. My duties as a Deportation Officer include investigating administrative and criminal violations of the Immigration and Nationality Act and Titles 8 and 18 of the United States Code and seeking, when applicable, prosecution and removal of violators.

3.    I am currently assigned as a task force officer ("TFO") to Federal Bureau of Investigation ("FBI") Squad CR-7 of the Washington Field Office's Criminal Investigative Division. In this role, I investigate federal narcotics crimes, transnational gangs, and other criminal enterprises.

1

4.      I submit this affidavit in support of a criminal complaint and arrest warrant charging HENRRY JOSUE VILLATORO SANTOS (hereinafter "**VILLATORO**"), with possession of a firearm by a prohibited person – here, an alien illegally in the United States – in violation of 18 U.S.C. § 922(g)(5)(A).

5.      The facts and information contained in this affidavit are based upon my personal knowledge, training, and experience, as well as information and evidence obtained from witnesses and other law enforcement officials. All observations I did not personally make were relayed to me by the individuals who made them or come from my review of records, documents, and other physical evidence obtained during the course of this investigation.

6.      This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known to the United States. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

## **PROBABLE CAUSE**

7.      According to record checks with the United States Department of Homeland Security ("DHS"), **VILLATORO** is a native and citizen of El Salvador who is not legally present in the United States.

8.      On March 27, 2025, FBI agents executed a federal search warrant issued by the Honorable Lindsey R. Vaala, United States Magistrate Judge, at 3632 Chippendale Circle in Woodbridge, Virginia (hereinafter, "the residence"). **VILLATORO's** mother had reported a burglary at that address in August 2024, and FBI agents conducting surveillance had routinely observed **VILLATORO** entering and exiting that residence throughout March of this year.

9.      After knocking and announcing their presence to no avail, members of the FBI's Special Weapons and Tactics ("SWAT") Team breached the front and rear doors of the residence. After breaching the front door, SWAT agents observed **VILLATORO** in an alcove leading to the residence's garage. **VILLATORO** ducked behind a small wall out of view and did not comply with the agents' demands that he exit the residence. After agents deployed a stun grenade, **VILLATORO** eventually came close enough to the front door to be pulled out of the residence.

10.     **VILLATORO** was taken into custody on an outstanding administrative immigration warrant. When **VILLATORO** was being prepared for transport from the residence, he confirmed that the bedroom in the garage was his room and that a jacket inside that room was his.

11.     FBI agents and TFOs proceeded to search the residence. Inside the aforementioned garage bedroom, a Taurus, model G2C, 9-millimeter handgun bearing serial no. ACH119455 was observed in plain view on a shelf near the bed. Based on my training and experience, I am aware that Taurus firearms are not manufactured in the Commonwealth of Virginia. Furthermore, the words "TAURUS ARMAS MADE IN BRAZIL" are stamped into the handgun's slide next to the serial number.

12.     In that same garage bedroom, agents located three additional firearms, ammunition, and two suppressors.

3





13.     FBI agents and TFOs also observed indicia of MS-13 association in the garage bedroom.

## CONCLUSION

14.     Based on the foregoing facts, I respectfully submit that probable cause exists to believe that on or about March 27, 2025, in Alexandria, Virginia, within the Eastern District of Virginia, HENRRY JOSUE VILLATORO SANTOS, knowing that he was an alien illegally present in the United States, did knowingly possess a firearm, in violation of 18 U.S.C. § 922(g)(5)(A).

Respectfully submitted,

Jason Klepec, Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn and subscribed to me in accordance with Fed. R. Crim. P. 4.1 by telephone on March 27, 2025.

**Lindsey R Vaala**
Digitally signed by Lindsey R Vaala
Date: 2025.03.27 13:13:44 -04'00'

The Honorable Lindsey R. Vaala
United States Magistrate Judge

6

**Criminal Case Cover Sheet**

FILED: REDACTED 15

<u>U.S. District Court</u>

<u>Place of Offense:</u>  ☐ **Under Seal**   **Judge Assigned:** | Vaala |

| City: | | Superseding Indictment: | | **Criminal No.** | |
| County: | Prince William | Same Defendant: | | New Defendant: | X |
| | | Magistrate Judge Case No. | 1:25-mj-204 | **Arraignment Date:** | |
| | | Search Warrant Case No. | | R. 20/R. 40 From: | |

**Defendant Information:**

| **Defendant Name:** | Henrry Josue Villatoro Santos | Alias(es): | | ☐ Juvenile FBI No. | |

**Address:** | Woodbridge, VA |

Employment: | |

| **Birth Date:** | 2000 | **SSN:** | | **Sex:** | Male | Race: | Hispanic | Nationality: | Salvadoran |

| **Place of Birth:** | El Salvador | Height: | | Weight: | | Hair: | | Eyes: | | Scars/Tattoos: | |

☒ **Interpreter**  **Language/Dialect:** | Spanish |  Auto Description: | |

**Location/Status:**

| **Arrest Date:** | 03/27/2025 | ☒ Already in Federal Custody as of: | March 27, 2025 | in: | Alexandria, Virginia |

☐ Already in State Custody   ☐ On Pretrial Release   ☐ Not in Custody

☒ Arrest Warrant Requested   ☐ Fugitive   ☐ Summons Requested

☐ Arrest Warrant Pending   ☐ Detention Sought   ☐ Bond

**Defense Counsel Information:**

| **Name:** | | ☐ Court Appointed | Counsel Conflicts: | |
| **Address:** | | ☐ Retained | | |
| **Phone:** | | ☐ Public Defender | ☐ Federal Public Conflicted Out |

**U.S. Attorney Information:**

| **AUSA(s):** | John Blanchard | **Phone:** | 703-299-3700 | Bar No. | 89019 (Virginia) |

**Complaintant Agency - Address & Phone No. or Person & Title:**

| ICE ERO Jason Klepec |

| **U.S.C. Citations:** | **Code/Section** | **Offense Charged** | **Count(s)** | **Capital/Felony/Misd./Petty** |
|---|---|---|---|---|
| Set 1: | 18 U.S.C. 922(g)(5)(A) | Firearm Possession by Alien | 1 | Felony |
| Set 2: | | | | |

| **Date:** | March 27, 2025 | **AUSA Signature:** | JOHN BLANCHARD | Digitally signed by JOHN BLANCHARD Date: 2025.03.27 11:42:05 -04'00' | *may be continued on reverse* |

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: John C. Blanchard (caseview.ecf@usdoj.gov, john.blanchard@usdoj.gov,
usavae.alx.ecf.mc@usdoj.gov), Magistrate Judge Lindsey R. Vaala
(lara_mcmahon@vaed.uscourts.gov, lindsey_vaala@vaed.uscourts.gov,
lrv_chambers@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:12439432@vaed.uscourts.gov
Subject:Activity in Case 1:25-mj-00204-LRVVAED USA v. Villatoro Santos Arrest
```
Content−Type: text/html

## U.S. District Court

## Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 3/27/2025 at 2:17 PM EDT and filed on 3/27/2025

**Case Name:**     USA v. Villatoro Santos
**Case Number:**   1:25−mj−00204−LRV
**Filer:**
**Document Number:** No document attached
**Docket Text:**
 **Arrest of Henrry Josue Villatoro Santos (nneb)**


**1:25−mj−00204−LRV−1 Notice has been electronically mailed to:**

John C. Blanchard &nbsp &nbsp john.blanchard@usdoj.gov, CaseView.ECF@usdoj.gov,
usavae.alx.ecf.mc@usdoj.gov

**1:25−mj−00204−LRV−1 Notice has been delivered by other means to:**

Henrry Josue Villatoro Santos

TYPE OF HEARING: Rule 5
CASE NUMBER: 1:25-mj-204
MAGISTRATE JUDGE: Lindsey R. Vaala
DATE: 3/27/2025
TIME: 2:00PM
EASTERN DISTRICT OF VIRGINIA    TAPE: FTR RECORDER

UNITED STATES OF AMERICA

VS.

HENRRY JOSUE VILLATORO SANTOS

GOVT. ATTY: JOHN BLANCHARD

DEFT'S ATTY: W/O COUNSEL

DUTY AFPD: WHITNEY MINTER

INTERPRETER/LANGUAGE MARIA HORVATH- SPANISH

DEFT CONSENTS TO PROCEED WITH VIDEO CONFERENCE ( )
DEFT INFORMED OF RIGHTS, CHARGES AND PENALTIES ( ✓ )
DEFT INFORMED OF THE VIOLATION(S) ( )
COURT TO APPOINT COUNSEL ( ✓ ) FPD ( ✓ ) CJA ( ) Conflict List ( )
Counsel for the parties and the defendant were orally advised of the disclosure obligations set
forth in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. ( ✓ )

Gov't is seeking detention - GRANTED pending PH/DH.

BOND Deft remanded to custody of the USMS.

NEXT COURT APPEARANCE 4/1/2025 TIME 2:00Pm
PH/DH- WBP

In Court Time : 12 min.
2:03-2:15

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

UNITED STATES OF AMERICA

v.                                                    **Criminal No.1:25-mj-204**

**HENRRY JOSUE VILLATORO SANTOS**

        **Defendant.**

## ORDER

    This matter comes before the Court on its own initiative. Pursuant to Federal Rule of

Criminal Procedure 5(f) and the Due Process Protections Act, the Court ORDERS the United

States to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963)

and its progeny. *Brady v. Maryland* instructs that "the suppression by the prosecution of

evidence favorable to an accused" violates due process where the evidence is "material either to

guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at

87. Failure to adhere to this requirement may result in serious consequences, up to and including

exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings,

disciplinary action, or sanctions by the court.

    Having given counsel the oral admonition required by the Due Process Protections Act,

this Order serves as the reminder of prosecutorial obligation and duties in accordance with Rule

5(f) and the Eastern District of Virginia Standing Order concerning the same.

    It is SO ORDERED.

                                   Lindsey R. Vaala
                                   United States Magistrate Judge

Date: March 27, 2025

Alexandria, Virginia

AO 470 (8/85) Order of Temporary Detention

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA

v.

**ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT TO
BAIL REFORM ACT**

HENRRY JOSUE VILLATORO SANTOS

CASE NO. 1:25-mj-204

Upon motion of the United States Government, it is hereby ORDERED that

a detention hearing is set for _4/1/2025_ at _2:00PM_ before

the <u>Honorable William B Porter, United States Magistrate Judge</u> in Courtroom <u>400</u>
<span style="font-size:smaller">Name of Judicial Officer</span>

located at <u>401 Courthouse Square, Alexandria, Virginia</u>. Pending this hearing, the
<span style="font-size:smaller">Location of Judicial Officer</span>

defendant shall be held in custody by the United States Marshal

(_____) and produced for the hearing.
<span style="font-size:smaller">Other Custodial Official</span>

Date: _3/27/2025_

/s/ _____
**Lindsey Robinson Vaala**
**United States Magistrate Judge**
Judicial Officer

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. § 3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C § 3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: John C. Blanchard (caseview.ecf@usdoj.gov, john.blanchard@usdoj.gov,
usavae.alx.ecf.mc@usdoj.gov), Valencia Danyale Roberts (camisha_ellison@fd.org,
maria_ramirez@fd.org, valencia_roberts@fd.org, victoria_parrish@fd.org), US Magistrate
Judge William B. Porter (andrea_stein@vaed.uscourts.gov,
dilhani_siriwardane@vaed.uscourts.gov, wbp_chambers@vaed.uscourts.gov,
william_porter@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:12440575@vaed.uscourts.gov
```
Subject:Activity in Case 1:25-mj-00204-WBPVAED USA v. Villatoro Santos Order Appointing
Public Defender
Content−Type: text/html

## U.S. District Court

## Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 3/27/2025 at 6:02 PM EDT and filed on 3/27/2025

| | |
|---|---|
| **Case Name:** | USA v. Villatoro Santos |
| **Case Number:** | 1:25−mj−00204−WBP |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **ORAL ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Henrry Josue Villatoro Santos − Valencia Danyale Roberts for Henrry Josue Villatoro Santos appointed. Entered by Magistrate Judge Lindsey R. Vaala on 3/27/2025. (nneb)**

**1:25−mj−00204−WBP−1 Notice has been electronically mailed to:**

John C. Blanchard &nbsp &nbsp john.blanchard@usdoj.gov, CaseView.ECF@usdoj.gov,
usavae.alx.ecf.mc@usdoj.gov

Valencia Danyale Roberts &nbsp &nbsp valencia_roberts@fd.org, camisha_ellison@fd.org,
maria_ramirez@fd.org, victoria_parrish@fd.org

**1:25−mj−00204−WBP−1 Notice has been delivered by other means to:**

Henrry Josue Villatoro Santos

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: John C. Blanchard (caseview.ecf@usdoj.gov, john.blanchard@usdoj.gov,
usavae.alx.ecf.mc@usdoj.gov), Valencia Danyale Roberts (camisha_ellison@fd.org,
maria_ramirez@fd.org, valencia_roberts@fd.org, victoria_parrish@fd.org), US Magistrate
Judge William B. Porter (andrea_stein@vaed.uscourts.gov,
dilhani_siriwardane@vaed.uscourts.gov, wbp_chambers@vaed.uscourts.gov,
william_porter@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:12445241@vaed.uscourts.gov
Subject:Activity in Case 1:25-mj-00204-WBPVAED USA v. Villatoro Santos Interpreter
Information
Content-Type: text/html
```

## U.S. District Court

### Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 3/31/2025 at 2:14 PM EDT and filed on 3/31/2025

| | |
|---|---|
| **Case Name:** | USA v. Villatoro Santos |
| **Case Number:** | 1:25−mj−00204−WBP |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Interpreter Information: Miriam Deutsch is the Interpreter. Spanish is the type of language required. Appointment is set for 4/1/2025 @ 2:00 p.m. for a Detention and Preliminary Hearing (swil)**

**1:25−mj−00204−WBP−1 Notice has been electronically mailed to:**

John C. Blanchard &nbsp &nbsp john.blanchard@usdoj.gov, CaseView.ECF@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov

Valencia Danyale Roberts &nbsp &nbsp valencia_roberts@fd.org, camisha_ellison@fd.org, maria_ramirez@fd.org, victoria_parrish@fd.org

**1:25−mj−00204−WBP−1 Notice has been delivered by other means to:**

| Date: 4/1/2025 | Time: 2:01p – 2:34p |
|---|---|

| Judge: William B. Porter | Case #: 1:25-MJ-204 |
|---|---|
| Tape: FTR/400 | Court Reporter: N/A |

Hearing: ☐Initial App./☒Detention Hrg/☒Preliminary Hrg/☐Status Conf./☐Motion Hrg

Eastern District of Virginia
United States of America
v.
Henrry Josue Villatoro Santos

## Participants
**USA**: John Blanchard

**Defense Counsel**: Valencia Roberts

**Court to appoint counsel**: ☐AFPD/ ☐CJA/ ☐Conflict List/ ☐Defendant to retain counsel

**Interpreter**: Miriam Deutsch          **Language**: Spanish

## Advisement
☐Rule 5                    ☐Due Process Protections Act

## Probation/Sup. Release violation(s)
☐Deft informed of violation(s)
☐Deft denies PC as to the violation(s)          ☐Deft does not contest PC as to the violation(s)
☐Court finds PC as to the violation(s)

## Detention Hearing/Preliminary Hearing
☐DH held / ☒DH waived          ☒PH held / ☐PH waived
☐Def submits on probable cause / ☐Def not contesting probable cause
☒Govt adduced evidence and rests          ☒Court finds probable cause

## Detention
☐Govt seeking detention / ☐not seeking detention
☐Def counsel seeking release / ☐not seeking release at this time
☐Def counsel not contesting release at this time
☒Deft remanded to the custody of the USMS

## Bond Status
☐Deft released on PR bond: ☐with conditions          ☐Deft continued on PR bond
☐Deft continued on previously imposed conditions: ☐Probation / ☐Supervised Release

## Future proceedings
☒Matter continued for further proceedings before the Grand Jury
☐Next hearing:

Notes:

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia ▼

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| HENRRY JOSUE VILLATORO SANTOS | )    Case No.    1:25-MJ-204 |
| | ) |
| *Defendant* | ) |

FILED

APR – 1 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

   ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

      ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
        § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

      ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

      ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
        Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
        (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

      ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
        (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
        described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
        jurisdiction had existed, or a combination of such offenses; **or**

      ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
        **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

   ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
      § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
      to Federal jurisdiction had existed; *and*

   ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
      committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

   ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
      defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

Page 1 of 3

❑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

❑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
❑ Prior criminal history
❑ Participation in criminal activity while on probation, parole, or supervision
❑ History of violence or use of weapons
❑ History of alcohol or substance abuse
❑ Lack of stable employment
❑ Lack of stable residence
❑ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

&#9633; Lack of significant community or family ties to this district

&#9745; Significant family or other ties outside the United States

&#9745; Lack of legal status in the United States

&#9745; Subject to removal or deportation after serving any period of incarceration

&#9633; Prior failure to appear in court as ordered

&#9633; Prior attempt(s) to evade law enforcement

&#9633; Use of alias(es) or false documents

&#9745; Background information unknown or unverified

&#9633; Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant waived his right to a detention hearing.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  04/01/2025

/s/
William B. Porter
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25mj-204** |
| | ) | **The Hon. William B. Porter** |
| **HENRRY JOSE VILLATORO SANTOS,** | ) | |
| *Defendant.* | ) | |
| | ) | |

## MOTION TO WITHDRAW AND FOR APPOINTMENT OF SUBSTITUTE COUNSEL

COMES NOW, Valencia Roberts, Assistant Federal Public Defender, counsel for the Defendant, Henry Jose Villatoro Santos ("Mr. Villatoro"), and respectfully requests this Honorable Court grant permission to withdraw as counsel for the Defendant in the instant case and to appoint substitute counsel. In support of the motion, counsel states as follows:

1. On March 27, 2025, the Office of the Federal Public Defender was appointed to represent Mr. Villatoro on the charge of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(5)(A).

2. After undersigned counsel's appointment, it was learned, and counsel for the government has confirmed, that an actual conflict exists that would prevent the office of the Federal Public Defender from representing Mr. Villatoro in this case.

Accordingly, for the foregoing reasons, undersigned counsel prays that this Court grant the motion to withdraw as counsel and appoint substitute counsel.

Respectfully submitted,
HENRRY JOSE VILLATORO SANTOS


_____/s/_____
By Counsel
Valencia D. Roberts
Assistant Federal Public Defender
Counsel for Henrry Villatoro Santos

Office of the Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA 22314
Telephone: 703-600-0870
Facsimile: 703-600-0880
Valencia_Roberts@fd.org.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25mj-204** |
| | ) | **The Hon. William B. Porter** |
| **HENRRY JOSE VILLATORO SANTOS,** | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER
**(Granting Motion to Withdraw and Appointment of Substitute Counsel)**

THIS MATTER is before the Court on defense counsel's motion to withdraw and request for appointment of substitute counsel. It appearing that the parties learned after the appointment of the Federal Public Defender that there exists a conflict of interest that renders defense counsel unable to continue representing the Defendant in this matter, it is hereby **ORDERED** that the Office of the Federal Public Defender is relieved from further representation in this matter.

It is **FURTHER ORDERED** that new counsel be appointed to represent Defendant.

The Clerk is **DIRECTED** to appoint new counsel to represent the Defendant.

It is so **ORDERED**.

_____
William B. Porter
United States Magistrate Judge

Date: _____
Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:25mj-204 |
| | ) | The Hon. William B. Porter |
| HENRRY JOSE VILLATORO SANTOS, | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER
**(Granting Motion to Withdraw and Appointment of Substitute Counsel)**

THIS MATTER is before the Court on defense counsel's motion to withdraw and request

for appointment of substitute counsel. It appearing that the parties learned after the appointment

of the Federal Public Defender that there exists a conflict of interest that renders defense counsel

unable to continue representing the Defendant in this matter, it is hereby **ORDERED** that the

Office of the Federal Public Defender is relieved from further representation in this matter.

It is **FURTHER ORDERED** that new counsel be appointed to represent Defendant.

The Clerk is **DIRECTED** to appoint new counsel to represent the Defendant.

It is so **ORDERED**.

/s/ _____
William B. Porter
United States Magistrate Judge
_____
William B. Porter
United States Magistrate Judge

Date: April 8, 2025
Alexandria, Virginia

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: John C. Blanchard (caseview.ecf@usdoj.gov, john.blanchard@usdoj.gov,
usavae.alx.ecf.mc@usdoj.gov), Muhammad Elsayed (me@elsayedlaw.com), US Magistrate Judge
William B. Porter (andrea_stein@vaed.uscourts.gov, dilhani_siriwardane@vaed.uscourts.gov,
wbp_chambers@vaed.uscourts.gov, william_porter@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:12464669@vaed.uscourts.gov
Subject:Activity in Case 1:25-mj-00204-WBPVAED USA v. Villatoro Santos CJA 20 -
Appointment
Content−Type: text/html
```

## U.S. District Court

## Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 4/9/2025 at 10:10 AM EDT and filed on 4/9/2025

| | |
|---|---|
| **Case Name:** | USA v. Villatoro Santos |
| **Case Number:** | <u>1:25−mj−00204−WBP</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**CJA 20 Appointment of Attorney Muhammad Elsayed for Henrry Josue Villatoro Santos. (jlan)**

**1:25−mj−00204−WBP−1 Notice has been electronically mailed to:**

John C. Blanchard &nbsp &nbsp john.blanchard@usdoj.gov, CaseView.ECF@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov

Muhammad Elsayed &nbsp &nbsp me@elsayedlaw.com

**1:25−mj−00204−WBP−1 Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:25-mj-204 |
| HENRRY JOSUE VILLATORO SANTOS, | |
| *Defendant.* | |

## MOTION TO DISMISS

The United States of America hereby moves, pursuant to Rule 48(a) of the Federal Rules

of Criminal Procedure,[1] to dismiss without prejudice the criminal complaint presently pending

against the defendant. *See United States v. Chase*, 372 F.2d 453, 463 (4th Cir. 1967) (stating that

a Rule 48(a) "dismissal is without prejudice"); 3B Peter J. Henning, *Federal Practice &*

*Procedure Crim.* § 801 (4th ed. 2024) ("A dismissal properly taken under Rule 48(a) is without

prejudice[.]").

Respectfully submitted,

Erik S. Siebert
United States Attorney

By: _____/s/_____
John C. Blanchard
Assistant United States Attorney

---

[1] Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." The leave-of-court requirement confers only highly limited discretion to deny a government motion under Rule 48(a). *See United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000). Indeed, "the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *Id.* Here, there is no bad faith; the government no longer wishes to pursue the instant prosecution at this time.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 9, 2025, I filed the foregoing document with the Clerk of Court using

the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted

to counsel of record.


By:  _____/s/_____
John C. Blanchard
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3999
Fax: (703) 299-3980
John.Blanchard@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

    v.

HENRRY JOSUE VILLATORO SANTOS,

    *Defendant.*

Case No. 1:25-mj-204

## ORDER

The United States of America has moved, pursuant to Rule 48(a) of the Federal Rules of

Criminal Procedure, to dismiss the criminal complaint presently pending against the defendant.

For good cause shown, it hereby

    ORDERED that the government's motion is GRANTED; and it is further

    ORDERED that the criminal complaint in this case is DISMISSED WITHOUT

PREJUDICE.

Date: _____
Alexandria, Virginia

_____
Lindsey R. Vaala
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CASE NO.    1:25-MJ-204 |
| | : | |
| HENRRY JOSUE VILLATORO SANTOS | : | |
| | : | |
| Defendant. | : | |

<u>**MOTION TO DELAY ENTRY OF DISMISSAL ORDER**</u>

The Defendant, Henrry Josue Villatoro Santos, by counsel, moves the Court to delay entering a final order of dismissal in this case for a period of fourteen (14) days, and states the following in support of this motion:

On March 27, 2025, members of the FBI's Special Weapons and Tactics Team executed a federal search warrant at 24-year-old Henrry Josue Villatoro Santos's family home. Dkt. #3, ¶ 8. Mr. Villatoro Santos was arrested at the scene, and the Government obtained a Criminal Complaint charging Mr. Villatoro Santos with one charge of possession of a firearm by an undocumented immigrant, in violation of 18 U.S.C. § 922(g)(5)(A).  Dkt. # 1-5. Mr. Villatoro Santos had his initial appearance before this Court the same day, and a Temporary Detention Order was entered. Dkt # 6.  On April 1, 2025, a preliminary hearing was held, and the Court found probable cause on the firearm charge. Dkt # 10.

On April 8, 2025, the Office of the Federal Public Defender moved to withdraw from the case due to a conflict of interest, which motion was granted. Dkt. #12-13.  On April 9, 2025 at 10:12 am, the undersigned was appointed to represent Mr. Villatoro Santos.  Less than two hours later, the Government filed a Motion to Dismiss the case. Dkt. # 14.  Counsel's understanding is

1

that the Government now intends to pursue the deportation of Mr. Villatoro Santos in lieu of this prosecution.

The above is a fairly straightforward procedural history. But in the background of this routine legal process, the United States Government, at its highest levels, has been publicly and loudly propagating allegations that Mr. Villatoro Santos is "one of the top leaders of MS-13" and "one of the leaders for the East Coast, one of the top three in the entire country," claims made by Attorney General Pamela Bondi in a high-profile press conference on March 27, 2025.[1] Flanked by FBI Director Kash Patel, Virginia Governor Glenn Youngkin, U.S. Attorney for the Eastern District of Virginia Erik Siebert, and other government officials, the Attorney General went on to say that Mr. Villatoro Santos is "an illegal alien from El Salvador," and that "he will not be living in our country much longer." *Id.* Throughout this over twenty-three-minute press conference, multiple federal and state government officials trumpeted the significance of this arrest and pressed the claim that the Government had detained a dangerous, top-level leader of the MS-13 gang.

The Government did not stop there. FBI Director Kash Patel wrote on X: "I can now confirm that earlier this morning, law enforcement personnel arrested a top MS-13 leader in Virginia. Outstanding work from @AGPamBondi, our brave agents, @CBP, @GovernorVA, and our state and local partners. This is a massive victory for a safer America. Justice is coming."[2] That social media post received over 1.3 million views. *Id.* Shortly after, President Trump tweeted: "Just captured a major leader of MS13. Tom HOMAN is a superstar!"[3] Moreover, both Attorney

---

[1]   *See*   https://cnycentral.com/news/nation-world/authorities-to-hold-news-conference-after-capture-of-top-ms-13-leader-in-woodbridge-virginia-24-year-old-from-el-salvador
[2] *See* https://x.com/FBIDirectorKash/status/1905231060553630019
[3] *See* https://x.com/TrumpUpdateHQ/status/1905241514759893423

General Bondi and FBI Director Patel were reportedly physically present when Mr. Villatoro Santos was arrested.

Despite these breathless pronouncements and the massive publicity that resulted, with every search engine tying Henrry Villatoro Santos to the Government's claim that he is a "top leader" of MS-13, less than two weeks after Mr. Villatoro Santos's arrest, the Government filed a Motion to Dismiss the case without prejudice, writing that "the government no longer wishes to pursue the instant prosecution at this time." Dkt. # 14.

The Government now intends to pursue removal proceedings against Mr. Villatoro Santos pursuant to an ICE detainer. If and when this Court enters an Order dismissing this case, Mr. Villatoro Santos will be immediately transferred to ICE custody. The danger of Mr. Villatoro Santos being unlawfully deported by ICE without due process and removed to El Salvador, where he would almost certainly be immediately detained at one of the worst prisons in the world without any right to contest his removal, is substantial, both in light of the Government's recent actions and the very public pronouncements in this particular case.

As the Court is aware, President Trump recently ordered the deportation of certain immigrants to El Salvador without any due process, without any notice, without any hearing, and without any right to contest whether they are in fact removable, citing the Alien Enemies Act of 1798. *J.G.G. v. Trump*, (1:25-cv-0076) (D. D.C. 2025). Despite being ordered by U.S. District Judge James Boasberg not to remove the petitioners pending resolution of the case, and to immediately turn back any deportation flights carrying any of the petitioners, the Government nonetheless removed those petitioners to El Salvador and later argued that the court had no

jurisdiction once the petitioners were no longer on U.S. soil. The President went a step further with public insults and attacks targeting Judge Boasberg and calling for his impeachment.[4]

The immigrants deported despite Judge Boasberg's order, who were given no opportunity to challenge the Government's bald assertion that they were members of the Venezuelan gang Tren de Aragua, were handed over to Salvadoran authorities, who frog marched them into one of the most notorious mega-prisons in the world, Centro de Confinamiento de Terrorismo (CECOT), a prison with a well-documented history of torture, ill-treatment, appalling conditions, and extreme overcrowding.[5] The Salvadoran authorities turned this spectacle into a terrifying display of cruelty that was documented in a movie-like production for the world to see, a production that Salvadoran President Nayib Bukele triumphantly shared on social media along with a sarcastic comment directed at Judge Boasberg's Order: "Oopsie. . . Too late," along with a laughing emoji.[6]

The examples of the Government depriving immigrants of basic due process have, unfortunately, become plentiful. In its rush to prove to the American public that this administration is tough on crime and immigration enforcement, the Government wrongfully deported Kilmar Abrego Garcia, a Maryland man, to El Salvador, despite a court order finding that he is likely to face persecution if removed to El Salvador. The Government then admitted publicly that it had wrongfully removed Mr. Abrego Garcia due to an "administrative error," but nonetheless maintained that it had no obligation to return him to the United States. *Abrego Garcia v. Noem*,

---

[4] *See* https://truthsocial.com/@realDonaldTrump/posts/114232682702493359

[5] *See* https://www.hrw.org/news/2025/03/20/human-rights-watch-declaration-prison-conditions-el-salvador-jgg-v-trump-case

[6] *See* https://www.nytimes.com/2025/03/17/world/americas/el-salvador-nayib-bukele-deportees.html?smid=fb-nytimes&smtyp=cur&fbclid=IwY2xjawJjxTdleHRuA2FlbQIxMQABHnHf-qszP2KVRCMIG4bUYq1fsy-OLPFRfbeuEkmWgAk82tGl6zFMlI5gYz8R_aem_pFYk8IfdpZCR1BqqdnJY2A

No. 25-1345, 2025 WL 1021113 (4th Cir. Apr. 7, 2025).  Similarly, last month the Government deported a kidney transplant specialist and professor at Brown University, even though she had a valid visa and a court order temporarily blocking her removal.[7]  These examples are now becoming an everyday occurrence.

Based on this recent pattern of abuse of process and defiance of court orders by immigration enforcement officials, there is a substantial risk that if this Court enters a dismissal order at this time that Mr. Villatoro Santos may be immediately deported without due process and before he has an opportunity to retain immigration counsel and assert any defenses he may have to removal.  In that event, it is almost certain that Salvadoran authorities would immediately detain him upon arriving in El Salvador and detain him indefinitely at CECOT without any trial or due process based on the United States Government's public pronouncements that he is a "top leader" of MS-13.  The risk of this turning effectively into a life sentence without any due process is very real.

The undersigned is keenly aware of the unusual nature of this motion. But these are unusual times.  To be sure, the Government may, with leave of court, dismiss an indictment, information, or complaint. Fed. R. Crim. P. 48(a). But the Court has discretion to determine whether to grant leave of Court and the timing of the entry of any dismissal order. *See United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000).

Based on the timing of the undersigned's appointment to represent Mr. Villatoro Santos and the timing of the Government's Motion to Dismiss, the substantial risks involved in his anticipated transfer to the custody of ICE officials, and the very high-profile nature of his arrest

---

[7]     *See*     https://www.nytimes.com/2025/03/16/us/brown-university-rasha-alawieh-professor-deported.html

and the allegations against him, there is good cause to delay the entry of any order of dismissal in order to allow Mr. Villatoro Santos an opportunity to seek the assistance of immigration counsel and to seek any further appropriate relief.

For these reasons, Henrry Villatoro Santos, by counsel, respectfully moves the Court to withhold entry of any final order in this case for a period of at least fourteen (14) days, and for such further relief as the Court deems appropriate.

Respectfully Submitted,
Henrry Villatoro Santos
By Counsel

ELSAYED LAW PLLC

BY: _____/s/_____
        Muhammad Elsayed
        Virginia Bar No. 86151
        3955 Chain Bridge Road
        Second Floor
        Fairfax, Virginia 22030
        (703) 884-2636
        (703) 884-2637 (fax)
        me@elsayedlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

_____/s/_____
Muhammad Elsayed
Virginia Bar No. 86151
3955 Chain Bridge Road
Second Floor
Fairfax, Virginia 22030
(703) 884-2636
(703) 884-2637 (fax)
me@elsayedlaw.com

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: John C. Blanchard (caseview.ecf@usdoj.gov, john.blanchard@usdoj.gov,
usavae.alx.ecf.mc@usdoj.gov), Muhammad Elsayed (me@elsayedlaw.com), Magistrate Judge
Lindsey R. Vaala (lara_mcmahon@vaed.uscourts.gov, lindsey_vaala@vaed.uscourts.gov,
lrv_chambers@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:12467100@vaed.uscourts.gov
Subject:Activity in Case 1:25-mj-00204-LRVVAED USA v. Villatoro Santos Case
```
Assigned/Reassigned
Content−Type: text/html

### U.S. District Court

### Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 4/10/2025 at 9:39 AM EDT and filed on 4/10/2025

| | |
|---|---|
| **Case Name:** | USA v. Villatoro Santos |
| **Case Number:** | 1:25−mj−00204−LRV |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Case as to Henrry Josue Villatoro Santos Reassigned to Magistrate Judge Lindsey R. Vaala. US Magistrate Judge William B. Porter no longer assigned to the case. (swil)**

**1:25−mj−00204−LRV−1 Notice has been electronically mailed to:**

John C. Blanchard &nbsp &nbsp john.blanchard@usdoj.gov, CaseView.ECF@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov

Muhammad Elsayed &nbsp &nbsp me@elsayedlaw.com

**1:25−mj−00204−LRV−1 Notice has been delivered by other means to:**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:25-mj-204 |
| | ) | |
| HENRRY JOSUE VILLATORO SANTOS | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Government's Motion to Dismiss (Dkt. No. 14) and Defendant's Motion to Delay Entry of Dismissal Order (Dkt. No. 15). Both motions were filed on April 9, 2025.

Defendant Henrry Josue Villatoro Santos is charged with one count of possession of a firearm by an immigrant who is not lawfully or legally in the United States in violation of 18 U.S.C. § 922(g)(5)(A). (Dkt. No. 1.) The Government arrested Mr. Villatoro Santos on March 27, 2025 and obtained a Criminal Complaint against him. On the same day, the Court conducted Mr. Villatoro Santos's initial appearance and set a preliminary and detention hearing for April 1, 2025. At the conclusion of the hearing on April 1, 2025, the Court found probable cause for the charged offense and ordered that Mr. Villatoro Santos be detained pending trial.[1]

The Government now moves under Federal Rule of Criminal Procedure 48(a) to dismiss the Criminal Complaint (and thus the case) against Mr. Villatoro Santos. (Dkt. No. 14.) In pertinent part, Rule 48(a) provides that, with leave of court, the government may dismiss an indictment, information, or complaint. Fed. R. Crim. P. 48(a). The Government requests a

---

[1] A more detailed history of this matter is set forth in Defendant's Motion to Delay Entry of Dismissal Order. (Dkt. No. 15.)

dismissal without prejudice and as explanation for its dismissal requests offers, in a footnote, that "the government no longer wishes to pursue the instant prosecution at this time." (Dkt. No. 14 at n.1.)

After the Government filed its Motion to Dismiss, Defendant filed his motion asking the Court to delay entry of the dismissal order for 14 days. (Dkt. No. 15.) In support of his request for a 14-day delay, Mr. Villatoro Santos states that his current counsel was appointed on April 9, 2025 after his previous court-appointed counsel moved to withdraw due to a conflict of interest and that the Government's Motion to Dismiss was filed less than two hours after Mr. Villatoro Santos's new counsel was appointed. (*Id.* at 1-2.) He further avers that the Government seeks to dismiss the pending case against him in order to pursue removal proceedings and he fears that, upon dismissal of this matter and his release from federal custody, he will be "immediately" deported by Immigration and Customs Enforcement without due process. (*Id.* at 3-5.) Defendant's motion acknowledges that the Government may dismiss a Criminal Complaint with leave of Court but argues that the Court has discretion to determine the timing of the entry of any dismissal order. (*Id.* at 5.)

Upon consideration of the pending motions, the Court finds that a hearing would be useful. It is therefore

**ORDERED** that the Court will hold a hearing on the motions on April 15, 2025 at 10:00 am. The hearing will be before Judge Fitzpatrick in Courtroom 500. If the Government wishes to file a response to Defendant's motion, it must do so by 5:00 pm on April 11, 2025. Defendant's reply, if any, is due by April 14, 2025 at 5:00 pm. The United States Marshal is directed to produce the defendant for the hearing on April 15, 2025.

2

**ENTERED** this 10th day of April, 2025.

/s/ LRV

Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: John C. Blanchard (caseview.ecf@usdoj.gov, john.blanchard@usdoj.gov,
usavae.alx.ecf.mc@usdoj.gov), Muhammad Elsayed (me@elsayedlaw.com), Magistrate Judge
Lindsey R. Vaala (lara_mcmahon@vaed.uscourts.gov, lindsey_vaala@vaed.uscourts.gov,
lrv_chambers@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:12467189@vaed.uscourts.gov
Subject:Activity in Case 1:25-mj-00204-LRVVAED USA v. Villatoro Santos Set/Reset Motion and
R&R Deadlines/Hearings
Content−Type: text/html
```

### U.S. District Court

### Eastern District of Virginia −

**Notice of Electronic Filing**

The following transaction was entered on 4/10/2025 at 10:08 AM EDT and filed on 4/10/2025

| | |
|---|---|
| **Case Name:** | USA v. Villatoro Santos |
| **Case Number:** | 1:25−mj−00204−LRV |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**

**Set Deadlines re Motion in case as to Henrry Josue Villatoro Santos [14] MOTION to Dismiss, [15] MOTION To Delay Entry of Dismissal Order. Motion Hearing set for 4/15/2025 at 10:00 AM in Alexandria Courtroom 500 before Magistrate Judge William E. Fitzpatrick. (swil)**

**1:25−mj−00204−LRV−1 Notice has been electronically mailed to:**

John C. Blanchard &nbsp &nbsp john.blanchard@usdoj.gov, CaseView.ECF@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov

Muhammad Elsayed &nbsp &nbsp me@elsayedlaw.com

**1:25−mj−00204−LRV−1 Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Muhammad Elsayed (me@elsayedlaw.com), John C. Blanchard
(caseview.ecf@usdoj.gov, john.blanchard@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov),
Magistrate Judge William E. Fitzpatrick (diane_wood@vaed.uscourts.gov,
iland_leigh@vaed.uscourts.gov, wef_chambers@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:12467314@vaed.uscourts.gov
Subject:Activity in Case 1:25-mj-00204-WEFVAED USA v. Villatoro Santos Case
```
Assigned/Reassigned
Content−Type: text/html

### U.S. District Court

### Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 4/10/2025 at 10:45 AM EDT and filed on 4/10/2025

| | |
|---|---|
| **Case Name:** | USA v. Villatoro Santos |
| **Case Number:** | 1:25−mj−00204−WEF |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Case as to Henrry Josue Villatoro Santos Reassigned to Magistrate Judge William E. Fitzpatrick. Magistrate Judge Lindsey R. Vaala no longer assigned to the case. (swil)**

**1:25−mj−00204−WEF−1 Notice has been electronically mailed to:**

John C. Blanchard &nbsp &nbsp john.blanchard@usdoj.gov, CaseView.ECF@usdoj.gov, usavae.alx.ecf.mc@usdoj.gov

Muhammad Elsayed &nbsp &nbsp me@elsayedlaw.com

**1:25−mj−00204−WEF−1 Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

     v.

HENRRY JOSUE VILLATORO SANTOS,

    *Defendant.*

Case No. 1:25-mj-204

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DELAY ENTRY OF DISMISSAL ORDER

On April 9, 2025, the United States moved to dismiss the criminal complaint pending against Henrry Villatoro Santos ("Villatoro") in the above-captioned case. ECF 14. Notably, Villatoro does not oppose such relief; rather, he seeks to defer its provision by two weeks to forestall being taken into the custody of U.S. Immigration and Customs Enforcement. ECF 15. But Villatoro marshals no meaningful authority in support of his concededly "unusual" request. *Id.* at 5. That is unsurprising, for no legal basis backs his bid for delay. Accordingly, at the hearing presently scheduled for April 15, the Court should deny Villatoro's motion and dismiss the pending complaint, without prejudice and without further delay.

## LEGAL STANDARD AND ARGUMENT

"In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380, n. 11 (1982)). As the Supreme Court has explained,

> [t]his broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.

1

*Wayte*, 470 U.S. at 607; *see also United States v. Smith*, 55 F.3d 157, 158 (4th Cir. 1995) ("Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall me made, or whether to dismiss a proceeding once brought." (quoting *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967))).

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." As Rule 48(a) itself explicitly states, "it is only when a trial has begun and jeopardy has attached that a dismissal may not be filed without a defendant's consent." *United States v. Chase*, 372 F.2d 453, 464 (4th Cir. 1967). The leave-of-court requirement confers only highly limited discretion to deny a government motion under Rule 48(a). *See United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000). Indeed, "the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *Id*; *see also Smith*, 55 F.3d at 159 ("A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted."). Examples of scenarios in which disservice to the public interest would justify the denial of a Rule 48(a) motion include "the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled," *id.*, none of which is applicable—or alleged—here.

The motion to dismiss should be granted promptly, and Villatoro has provided no authority to the contrary. The United States, in its discretion, has decided to forego criminal prosecution in this case.[1] Citing *Goodson*, Villatoro claims that "the Court has discretion to

---

[1] It is well within the prerogative of the United States to seek the removal of aliens who are illegally or unlawfully in this country in lieu of prosecuting them, regardless of whether charges

determine whether to grant [the leave of Court required by Rule 48(a)] and the timing of the entry of any dismissal order." ECF 15 at 5. But *Goodson* does not stand for either of those propositions. First, as noted above, *Goodson* underscores that the discretion conferred by Rule 48(a) "is not broad" and that courts have no choice but to grant motions to dismiss that are not made in bad faith. 204 F.3d at 512. Second, while *Goodson* recognizes a court's "supervisory power to administer its docket," it does so in the context of acknowledging that such power is rarely a basis for dismissing a case with prejudice. *Goodson*, 204 F.3d at 514. At no point did the Fourth Circuit hold that judges may put off ruling on routine, unopposed motions so that criminal defendants can pursue administrative or civil remedies.[2]

## CONCLUSION

For the foregoing reasons, the Court should deny Villatoro's motion to delay entry of a dismissal order, and the Court should swiftly dismiss the criminal complaint pending against him.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By: _____/s/_____
John C. Blanchard
Assistant United States Attorney

---

have been filed. *Cf. United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1170 (D. Or. 2012) ("If the Executive Branch . . . decides to abandon criminal prosecution of the pending charge and proceed directly with Defendant's removal and deportation, the law allows the Executive Branch to do that.").

[2] While defendants are not entitled to tread water on the criminal docket while they explore potential avenues to thwart removal proceedings in immigration court, it is worth noting that Villatoro has already obtained nearly half the 14-day pause he seeks insofar as the motion to dismiss will remain unresolved pending the hearing scheduled for April 15.

## CERTIFICATE OF SERVICE

I certify that on April 11, 2025, I filed the foregoing document with the Clerk of Court

using the CM/ECF system, which will cause a true and accurate copy of this document to be

transmitted to counsel of record.

By:  _____/s/_____
          John C. Blanchard
          Assistant United States Attorney
          Office of the United States Attorney
          2100 Jamieson Avenue
          Alexandria, Virginia 22314
          Phone: (703) 299-3999
          Fax: (703) 299-3980
          John.Blanchard@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CASE NO.    1:25-MJ-204 |
| | : | |
| HENRRY JOSUE VILLATORO SANTOS | : | |
| | : | |
| Defendant. | : | |

### REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO DELAY ENTRY OF DISMISSAL ORDER

The Defendant, Henrry Villatoro Santos, by counsel, submits this reply to the Government's Response in Opposition to his Motion to Delay Entry of a Dismissal Order. Dkt. # 17. The Government asks the Court to immediately grant its motion to dismiss and to deny Mr. Villatoro Santos's motion to delay entry of a dismissal order, arguing that the Court has "highly limited discretion" to deny the Government's motion to dismiss pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and that there is "no authority" for the Court to delay the entry of a dismissal order upon the Government's request. For the following reasons, the Government's arguments fail under scrutiny.

First, the Government has failed to comply with its obligation to disclose the reason(s) for its Motion to Dismiss, a prerequisite for this Court's exercise of its supervisory authority under Rule 48(a). Rule 48(a) provides: "The government may, *with leave of court*, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a) (emphasis added). By requiring "leave of court" for dismissals by the Government, the Federal Rules of Criminal Procedure deliberately altered the common-law rule, under which a prosecutor could "enter a *nolle prosequi* in his discretion,

1

without any action by the court." Fed. R. Crim. P. 48(a) advisory committee's note to 1944 adoption 1.

The Government correctly notes that the discretion of the Court in this regard is limited. *See United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000) ("[T]he court's discretion in considering the Government's motion to dismiss is limited."). But Rule 48(a) requires more of a court than to "serve merely as a rubber stamp for the prosecutor's decision." *United States v Ammidown*, 497 F.2d 615 (D.C. Cir. 1974). The amount of discretion conferred by the "leave of court" clause is best explained as follows:

> It seems altogether proper to say that the phrase "by leave of court" in Rule 48(a) was intended to modify and condition the absolute power of the Executive, consistently with the Framer's concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives. But this is not to say that the Rule was intended to confer on the Judiciary the power and authority to usurp or interfere with the good faith exercise of the Executive power to take care that the laws are faithfully executed. The Rule was not promulgated to shift absolute power from the Executive to the Judicial Branch. Rather, it was intended as a power to check power. The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest. In this way, the essential function of each branch is synchronized to achieve a balance that serves both practical and constitutional values.

*United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) (quoting *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975)).

Stated otherwise, Rule 48(a) "contemplates a division of labor consistent with the constitutional design, which 'enjoins upon its branches separateness but interdependence, autonomy but reciprocity.'" *United States v. Eric Adams*, 1:24-cr-556 (S.D.N.Y. April 2, 2025) (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635 (1952) (Jackson, J., concurring)). To that end, Rule 48(a) has procedural and substantive requirements. As a matter of procedure, "in the exercise of its responsibility, the court will not be content with a mere

conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis." *Ammidown* 497 F. 2d at 620. As a matter of substance, "the court does not have primary responsibility, but rather the role of guarding against abuse of prosecutorial discretion." *Id.* In the final analysis, "the disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal." *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995).

So the Government's memorandum begs the question: how is the Court to determine whether the Government is acting in bad faith, or whether its motion to immediately dismiss the case is "clearly contrary to manifest public interest,"[1] without any disclosure by the Government of its reason(s) for the instant motion? How is the Court to exercise its discretion as a co-equal branch of government, rather than a rubber stamp, if it signs off on the Government's motion to dismiss that is predicated on no more than the terse statement: "[T]he government no longer wishes to pursue the instant prosecution at this time."?

Following the Supreme Court's decision in *Rinaldi v. United States*, 434 U.S. 22 (1977), courts have discerned that "[t]he primary concern" underlying Rule 48(a)'s "leave of court" provision "was that of protecting a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution." *Ammidown*, 497 F.2d at 620; *see also United States v. Friedman*, 107 F.R.D. 736, 740 (N.D. Ohio 1985) ("[T]he words of

---

[1] *See United States v. Graves*, 846 F. App'x 170, 173 (4th Cir. 2021) ("Indeed, the court must grant the [G]overnment's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith.").

reservation inserted into Rule 48(a) ['leave of court'] . . . are for the ultimate benefit and protection of the people themselves."). Here, the Government has made clear through public pronouncements its intent to hand over Mr. Villatoro Santos to the Salvadoran authorities so that he can be imprisoned there through a process in which there are no due process requirements to observe, no constitutional rights to protect, and no judicial oversight. This is precisely the type of evil against which the "leave of court" clause in Rule 48(a) seeks to protect.

One the one hand, if the Government intends to follow the law in its pursuit of Mr. Villatoro Santos's removal—that is to serve him with a Notice to Appear (which it has not done to date), provide him with a Section 240 hearing, ensure his right to counsel is not infringed, and allow him the ability to contest his removability in immigration proceedings—then the Government's motion to dismiss is not made in bad faith and is not clearly contrary to manifest public interest. On the other hand, if, as its public statements and its conduct to date strongly suggest, the Government intends to summarily deport Mr. Villatoro Santos by whisking him onto a plane to El Salvador without notice and a right to be heard in immigration proceedings, then the dismissal of the instant case at this time would clearly be done in bad faith and would be manifestly contrary to public interest. It does not serve the public interest, nor is it an act of good faith, for the Government to rush to deprive this Court of jurisdiction over Mr. Villatoro Santos if its aim is to thereafter deprive him of his well-established constitutional right to due process of law.

Put simply, in order for this Court to be in a position to exercise its supervisory authority under Rule 48(a), the Government must disclose to the Court: (1) the factual basis for its motion to dismiss; and (2) whether, upon the dismissal of this case, it intends to comply with the law and place Mr. Villatoro Santos in ordinary removal proceedings with all the attendant due process rights, or whether it intends to summarily deport him without due process as it has done to hundreds

4

of others. Without these disclosures, the Court cannot properly exercise its discretion in determining whether the Government is in fact acting in good faith as it asserts or simply using the Court to facilitate an impending violation of the Constitution.[2]

The Government's rush to "swiftly" enter a dismissal order so that it can carry out the threats of immediate deportation to El Salvador propounded by top government officials, and to do so as quickly as possible to ensure that Mr. Villatoro Santos is not adequately represented by immigration counsel or in a position to defend himself, is no basis for this Court to abdicate its obligation to review the Executive's actions. That exercise of judicial oversight, which is demanded by Rule 48(a), necessitates some delay in order for the Court to get the answers it needs from the Government to make its ultimate determination.

Second, the Government's argument that there is "no legal basis" for the Court to delay issuing a ruling on the motion to dismiss is without merit. As an initial matter, the Government is the moving party: it is the Government's Motion to Dismiss that is pending before the Court. As the movant, it bears the burden of production and persuasion, a burden it has yet to meet. As for the request for a delay, while the Court's discretion in ultimately ruling on the Government's motion to dismiss is indeed limited, its discretion in determining the appropriate timing of such an order is not, particularly where, as in here, the necessary factual record has not been developed. *See, e.g.*, *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 187 (4th Cir. 1993) ("It was not an abuse of discretion to delay ruling on the standing issue until discovery of the relevant

---

[2] Even in cases in which a defendant does not object to a motion to dismiss, the Court nonetheless must exercise its supervisory authority before entering a dismissal order as outlined above. *See, e.g.*, *United States v. Hamm*, 659 F.2d 624, 629 (5th Cir. 1981) ("The district court may not deny a government motion to dismiss a prosecution, consented to by the defendant, *except in those extraordinary cases where it appears the prosecutor is motivated by considerations clearly contrary to the manifest public interest*.") (emphasis added).

underlying facts was complete. . . . Indeed, to rule otherwise would run the risk of rewarding a party's noncooperation or compelling the district court to rule on a sensitive matter . . . before the full facts were even before it."); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").[3] Nor has the Government provided any reason for the rush to immediately dismiss the case.

The timeline of the litigation in the recent case of New York City Mayor Eric Adams, by way of example, demonstrates the discretion that this Court has to fully develop the record before entering a final dismissal order. *See United States v. Eric Adams*, 1:24-cr-556 (S.D.N.Y. April 2, 2025). There, the Government filed a motion to dismiss the case without prejudice on February 14, 2025. *See id.*, Dkt. # 122. Unlike in this case, that motion provided the basis for the Government's motion, and it indicated that "Defendant Eric Adams has consented in writing to this motion." *Id.* Nonetheless, the court there did not immediately grant the motion. In fact, the court did not rule on the motion until April 2, 2025, at which time it dismissed the case *with prejudice* after developing the record necessary to rule on the motion. *Id.* Dkt. # 177. In other words, while the Court's *ultimate* ruling on the motion to dismiss may appear to be a foregone conclusion based on the Court's narrow discretion, the Court must nonetheless undertake the appropriate steps to arrive at its conclusion.

Third, and perhaps most disturbingly, the Government's response fails to mention, let alone attempt to dispel, the central concern underlying Mr. Villatoro Santos's motion—namely, that the

---

[3] *See also United States v. Ford*, No. 3:09-CR-107, 2019 U.S. Dist. LEXIS 160817, at *4 (W.D.N.C. Sep. 20, 2019) ("This Court has "broad discretion" to stay its proceedings pending the resolution of independent proceedings occurring elsewhere.").

Government likely intends to summarily deport him to El Salvador in violation of the law and without any due process. On the contrary, public pronouncements by government officials since the filing of Mr. Villatoro Santos's motion raise even more concerns about the Government's intentions. Mr. Villatoro Santos filed his Motion to Delay Entry of a Dismissal Order on April 9, 2025 at 7:28 pm. Dkt. # 15. Later that evening, Attorney General Pamela Bondi said in a statement: "As a terrorist, he will now face the removal process."[4] The next morning, Virginia Governor Glenn Youngkin, who was directly involved in coordinating the arrest of Mr. Villatoro Santos, said the following to Fox News about Mr. Villatoro Santos's case: "The charges from the Department of Justice under [Attorney General Pam Bondi] were dropped *so that the person can be deported immediately* and get out of this country and *go back to prison in El Salvador*." (emphasis added).[5] In other words, not only has the Government said nothing to dispel the serious concerns that it may be intending to disregard Mr. Villatoro Santos's due process rights, but its public statements and its actions in other cases since the filing of Mr. Villatoro Santos's motion only amplify those concerns.

Justice Sotomayor did not mince words in her recent dissenting opinion in *Donald Trump v. J.G.G., et al.*, 604 U.S. __ (2025), writing that "the Government has largely ignored its obligations to the rule of law" in its handling of the summary deportations of alleged members of Tren de Aragua to El Salvador. And since those summary deportations without due process, the administration has publicly stated its intent to expand its invocation of the Alien Enemies Act beyond suspected members of Tren de Aragua. On April 8, 2025, one day before the Government

---

[4] *See* https://www.politico.com/news/2025/04/09/drop-criminal-case-man-called-gang-leader-00283355to drop criminal case against man they previously called a major gang leader - POLITICO

[5] *See* https://www.wvtf.org/news/2025-04-10/youngkin-backs-removal-of-alleged-ms-13-gang-leader-without-trial

moved to dismiss this case, acting Immigration and Customs Enforcement Director Todd Lyons told reporters that the administration is looking to invoke the Alien Enemies Act to deport alleged members of MS-13.[6]

In this rushed and chaotic push for maximum immigration enforcement, it is now undisputed that the government has wrongfully deported individuals who should never have been removed, individuals with protected status like Kilmar Abrego Garcia, who was sent to CECOT without any due process, despite a 2019 court order that held that he may not be removed based on a credible fear of persecution. *Kristi Noem v. Kilmar Armando Abrego Garcia*, 604 U.S. __ (2025) ("The United States acknowledges that Abrego Garcia was subject to a withholding order forbidding his removal to El Salvador, and that the removal to El Salvador was therefore illegal. The United States represents that the removal to El Salvador was the result of an 'administrative error.'").

In its litigation of both *J.G.G. and* the *Abrego Garcia* case, the administration has made it clear that it will do what it pleases, regardless of court orders. In *J.G.G.*, it openly defied Judge Boasberg's orders, then attacked him personally and publicly. In *Abrego Garcia*, the Supreme Court declined to overrule the order of the District Court that the Government must "facilitate" Abrego Garcia's return, remanding the matter to the District Court for clarification of its order. *Abrego Garcia*, 604 U.S. __ (2025). In a hearing before U.S. District Judge Paula Xinis on April 11, 2025, following remand, the Government claimed to have no information on the whereabouts of Mr. Abrego Garcia and provided no information on steps taken by the administration to comply with its order.[7] Judge Xinis issued an Order on April 11, 2025 finding that the Government had

---

[6] *See* https://apnews.com/article/alien-enemies-trump-immigration-deportations-21a62ede23b8c493b60d00a9c125722f
[7] *See* https://www.cnn.com/2025/04/11/politics/kilmar-abrego-garcia-hearing/index.html

failed to comply with the Court's prior Order directing it to file a supplemental declaration regarding the location and custodial status of Abrego Garcia and the steps taken to facilitate his return. *Abrego Garcia v. Kristi Noem*, 8:25-cv-951 (D. M.D. April 11, 2025) (Dkt. #61).  The Order noted that the government "made no meaningful effort to comply" and "[i]nstead, they complained that the Order is 'unreasonable and impracticable,' and involves 'sensitive country-specific considerations wholly inappropriate for judicial review.'" *Id.*  The court ordered the Government to file daily updates under oath starting on April 12, 2025. After providing barebones "updates" to the Court, the Government filed a pleading on April 13, 2025, arguing that the court's order that the government must facilitate the return of Mr. Abrego Garcia means no more than that the government must allow him to enter the U.S. if he somehow finds a way out of CECOT in El Salvador and returns to the United States. *Id.* Dkt. #65.  Plainly put, even when the Government concedes it has made a mistake in deporting an individual to an almost-certain life sentence, or worse, in one of the worst prisons in the world, its position is that it has no duty to do anything to request or advocate for his return from the Salvadoran government (which is receiving millions of dollars from the United States to house deported immigrants).[8]

Against this background, the risk that Mr. Villatoro Santos will face a similar fate, an irrevocable, life-altering fate from which this Court will not be able to offer any relief once it loses jurisdiction over Mr. Villatoro Santos, is palpable. The Government has wholly sidestepped the central question of whether it intends to disregard Mr. Villatoro Santos's right to due process of

---

[8]  *See*  https://www.cnn.com/2025/03/17/americas/el-salvador-prison-trump-deportations-gangs-intl-latam/index.html

law in its very public effort to score a political win by summarily deporting a young man it has labeled as a "terrorist" and as "horrible, violent, worst of the worst criminals."[9]

"It is well established that the Fifth Amendment entitles aliens to due process of law" in the context of removal proceedings. *Reno v. Flores*, 507 U. S. 292, 306 (1993).[10] The Government has disregarded this well-established principle and defied court orders in the process in other cases, effectively carrying out forcible disappearances to the black hole that is CECOT.[11] Its public statements in this case strongly indicate it may intend to do so again with Mr. Villatoro Santos. And the Government's response memorandum does nothing to mitigate the very real concern that it plans to once again disregard the law in pursuit of favorable headlines. If the undersigned is simply wrong about all of this, then the Government should have no qualms about providing the necessary information to this Court regarding the steps it intends to take in pursuit of removal upon the dismissal of this case.

Finally, the Government has not identified in any meaningful way how it would be prejudiced if the Court were to take its motion to dismiss under advisement and allow Mr. Villatoro Santos additional time to ensure he is adequately represented in immigration proceedings. Mr.

---

[9] *See* https://www.wfft.com/news/justice-department-dropping-charges-against-man-they-accused-of-being-ms-13-s-leader-for/article_b8217760-86c4-5975-9362-eac1205fc814.html

[10] The Supreme Court reaffirmed this principle in its opinion in the *J.G.G.* case, holding that individuals alleged to be members of Tren de Aragua have a right to notice and to be heard before their removal. *Trump v. J.G.G.*, 604 U.S. _ (2025) ("AEA detainees must receive notice after the date of this order that they are subject to removal under the Act. The notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs.").

[11] Shuham, *Judges, Attorneys Face Trump's Salvadoran Black Hole*, *available at* https://www.huffpost.com/entry/cecot-el-salvador-lawyers-judges-ice-custody_n_67f980e4e4b05c9df5d3a9ad?utm_campaign=share_email&ncid=other_email_o63gt2jcad4 ("The fact pattern of the detainees sent to El Salvador 'fits every definition of an enforced disappearance under international law,' said Denise L. Gilman, who co-directs the immigration clinic at the University of Texas School of Law.").

Villatoro Santos is in custody, and he continues to be subject to an ICE detainer. The Government's ability to *legally* pursue his removal in immigration proceedings does not diminish by the day. The only reason for the Government to so vociferously oppose the request for a delay in finalizing the case to allow Mr. Villatoro Santos to obtain immigration counsel is if it in fact intends to "immediately deport" him as threatened in its public statements. In that case, the Court cannot and should not facilitate such a lawless goal. In the words of Justice Felix Frankfurter:

> There can be no free society without law administered through an independent judiciary. If one man can be allowed to determine for himself what is law, every man can. That means first chaos, then tyranny. Legal process is an essential part of the democratic process. For legal process is subject to democratic control by defined, orderly ways which themselves are part of law. In a democracy, power implies responsibility. The greater the power that defies law the less tolerant can this Court be of defiance. As the Nation's ultimate judicial tribunal, this Court, beyond any other organ of society, is the trustee of law and charged with the duty of securing obedience to it.

*United States v. United Mine Workers*, 330 U.S. 258, 312 (1947).

For these reasons, Mr. Villatoro Santos respectfully moves the Court to take the Government's Motion to Dismiss under advisement; to direct the Government to disclose the information necessary for this Court to determine the basis of its Motion to Dismiss, including specifically whether it intends to "summarily deport" Mr. Villatoro Santos; to grant his Motion to Delay Entry of a Dismissal Order; and for such further relief as the Court deems necessary and appropriate.

Respectfully Submitted,
Henrry Villatoro Santos
By Counsel

ELSAYED LAW PLLC

11

BY: _____/s/_____

    Muhammad Elsayed
    Virginia Bar No. 86151
    3955 Chain Bridge Road
    Second Floor
    Fairfax, Virginia 22030
    (703) 884-2636
    (703) 884-2637 (fax)
    me@elsayedlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

    _____/s/_____

    Muhammad Elsayed
    Virginia Bar No. 86151
    3955 Chain Bridge Road
    Second Floor
    Fairfax, Virginia 22030
    (703) 884-2636
    (703) 884-2637 (fax)
    me@elsayedlaw.com

TYPE OF HEARING:  __Motion Hearing__
CASE NUMBER:  __1:25-MJ-204__
MAGISTRATE JUDGE: William E. Fitzpatrick
 DATE:  __4/15/2025__
TIME:  __10:00am__

EASTERN DISTRICT OF VIRGINIA        TAPE: FTR RECORDER

UNITED STATES OF AMERICA

       VS.

HENRRY JOSUE VILLATORO SANTOS

GOVT. ATTY:  __John Blanchard_____

DEFT'S ATTY:  __Muhammad Elsayed_____

DUTY AFPD/CJA:_____

INTERPRETER__Maria Horvath_____LANGUAGE_Spanish_____

DEFT CONSENTS TO PROCEED WITH VIDEO CONFERENCE  (   )
DEFT INFORMED OF RIGHTS, CHARGES AND PENALTIES (   )
DEFT INFORMED OF THE VIOLATION(S) (   )
COURT TO APPOINT COUNSEL (   )  FPD (   ) CJA (   ) Conflict List (   )  Reappointed (   )
Counsel for the parties and the defendant were orally advised of the disclosure obligations set
forth in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  (   )

 Gov't Motion to Dismiss- Argued and GRANTED.  ORDERED that the ENTRY of ORDER is STAYED
 until 4/18/2025 @ 10:00am. Deft will not be transferred to the jurisdiction of DHS before 4/18/2025 @
 10:00am .

DEFT RECOGNIZED TO APPEAR AT FURTHER COURT DATE (   )

NEXT COURT APPEARANCE _____TIME _____

_____

                                    In Court Time : _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

UNITED STATES OF AMERICA,

    v.

HENRRY JOSUE VILLATORO SANTOS,
    *Defendant.*

No. 1:25-mj-204-WEF

## <u>ORDER</u>

This matter is before the Court on the Government's Motion to Dismiss (Dkt. 14) and Defendant's Motion to Delay Entry of Dismissal Order (Dkt. 15). The Court held a hearing on the Motions on April 15, 2025, at which the Government and Defendant, personally and by counsel, appeared.

Upon consideration of the Motions and for the reasons stated in open court, it is hereby

**ORDERED** that the Government's Motion to Dismiss (Dkt. 15) is **GRANTED;** and it is further

**ORDERED** that the Defendant's Motion to Delay Entry of Dismissal Order (Dkt. 15) is **DENIED**; and it is further

**ORDERED** that the criminal complaint against the Defendant is dismissed without prejudice; and it is further

**ORDERED** that the entry of the dismissal of the criminal complaint against the Defendant is **STAYED** until 10:00am ET on Friday, April 18, 2025 to permit Defendant to appeal this Order or pursue other remedies; and it is further

**ORDERED** that the Defendant shall remain in the custody of the United States Marshal until 10:00am ET on Friday, April 18, 2025; and it is further

ORDERED that the Defendant may not be transferred to the custody of the Department of Homeland Security before 10:00am ET on Friday, April 18, 2025.

**IT IS SO ORDERED.**

**ENTERED** this 15th day of April, 2025.


_William E. Fitzpatrick_
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CASE NO.    1:25-MJ-204** |
| | : | |
| **HENRRY JOSUE VILLATORO SANTOS** | : | |
| | : | |
| **Defendant.** | : | |

**EMERGENCY MOTION TO EXTEND THE STAY OF THE**
**ORDER OF THE MAGISTRATE COURT PENDING APPEAL**

The Defendant, Henrry Josue Villatoro Santos, by counsel, moves the Court to extend the

stay of the Order of the Magistrate Court entered on April 15, 2025, which granted the

Government's Motion to Dismiss the case without prejudice while staying that order until April

18, 2025 at 10:00 am. Dkt. # 20.  Mr. Villatoro Santos requests that this stay be extended until his

appeal of the Magistrate Court's Order is finalized, and that he not be moved to the custody of

Immigration and Customs Enforcement pending resolution of his appeal. Irreparable harm will

result if the stay is not extended. In support of this motion, the Defendant states the following:

1.      On March 27, 2025, Mr. Villatoro Santos was charged via criminal complaint with

possession of a firearm by an undocumented immigrant, in violation of 18 U.S.C. § 922(g)(5)(A).

Dkt. # 1-5.

2.      Mr. Villatoro Santos had his initial appearance before this Court the same day, and

a Temporary Detention Order was entered. Dkt # 6.  On April 1, 2025, a preliminary hearing was

held, and the Court found probable cause on the firearm charge. Dkt # 10.

3.      Beginning on March 27, multiple top government officials have publicly accused

Mr. Villatoro Santos of being "one of the top leaders of MS-13" and "one of the leaders for the

East Coast, one of the top three in the entire country," claims made by Attorney General Pamela Bondi in a high-profile press conference on March 27, 2025.[1] They called him a "terrorist" and "horrible, violent, worst of the worst criminals."[2] A fuller description of the publicity surrounding this case and the multiple statements of Government officials about Mr. Villatoro Santos is provided in his prior pleadings. *See* Dkt. # 15, 18.

4.      On April 9, 2025, without any explanation, the Government filed a Motion to Dismiss the case without prejudice, writing simply that "the government no longer wishes to pursue the instant prosecution at this time." Dkt. # 14. The Government indicated it intended to deport Mr. Villatoro Santos instead, but without clarifying whether that means placing him in removal proceedings, as required by law, or summarily deporting him, as multiple officials have publicly threatened and as the government has done in other recent cases.

5.      On that same day, Mr. Villatoro Santos filed a Motion to Delay Entry of a Dismissal Order, requesting a 14-day delay in order to obtain immigration counsel and arguing that there is a substantial risk that entry of a dismissal order at this time would facilitate his unlawful removal from the United States to El Salvador without due process, in violation of his Fifth Amendment rights, based on multiple public statements of government officials as well as the actions of the government in other similar cases. Dkt. # 15.

6.      The Government filed an opposition to the motion, requesting a "swift" dismissal of the case and indicating it had decided to forgo criminal prosecution in favor of removal. Dkt. # 17. The Government did not address the concerns raised about the risk of summary deportation

---

[1]     *See*     https://cnycentral.com/news/nation-world/authorities-to-hold-news-conference-after-capture-of-top-ms-13-leader-in-woodbridge-virginia-24-year-old-from-el-salvador

[2]     *See*     https://www.wfft.com/news/justice-department-dropping-charges-against-man-they-accused-of-being-ms-13-s-leader-for/article_b8217760-86c4-5975-9362-eac1205fc814.html

without due process, nor did it indicate that it intends to follow the law in the removal of Mr. Villatoro Santos.

7. Mr. Villatoro Santos filed a reply brief in which he argued that the Court must require the Government to disclose the factual basis for its motion to dismiss in order to determine if the motion is made in good faith and if it is in the public interest, as required by Rule 48(a) of the Federal Rules of Criminal Procedure, including disclosing whether the Government intends to summarily deport Mr. Villatoro Santos without due process, which would be against the public interest and an act of bad faith. Dkt. # 18.

8. On April 15, 2025, the Magistrate Court heard oral arguments and granted the Government's motion to dismiss without prejudice, while staying entry of that Order until 10 am on Friday, April 18, 2025. Dkt. # 19-20.

9. Upon expiration of that stay, the U.S. Marshal Service will transfer custody of Mr. Villatoro Santos to Immigration and Customs Enforcement ("ICE"). To date, the Department of Homeland Security has not issued a Notice to Appear to Mr. Villatoro Santos, which is the first step in legal removal proceedings (that is, if the Government intends to follow the law). *See* 8 U.S.C. § 1229.

10. On April 14, 2025, the undersigned emailed multiple officials at the local ICE office, asking the following: "Has ICE issued my client a Notice to Appear, or does ICE plan to do so?" In response, on April 16, 2025, shortly before the time of this filing, an ICE Supervisory Detention and Deportation Officer wrote back: "Your client is not in ICE custody at this time. If and when he comes into our custody we will be in a better position to provide information about his processing disposition." In other words, the Government continues to provide no substantive information regarding its intent in the removal of Mr. Villatoro Santos.

11.     "It is well established that the Fifth Amendment entitles aliens to due process of law" in the context of removal proceedings. *Reno v. Flores*, 507 U. S. 292, 306 (1993).[3] The Supreme Court has reaffirmed this principle in its recent opinions, making it clear that even those alleged to be "enemy aliens" under the Alien Enemies Act of 1798 have due process rights and may not be summarily deported. *Trump v. J.G.G.*, 604 U.S. _ (2025) ("AEA detainees must receive notice after the date of this order that they are subject to removal under the Act. The notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs.").

12.     The Government has disregarded this well-established principle and defied court orders in the process in multiple cases in recent dates, effectively carrying out forcible disappearances to one of the worst prisons in the world, Centro de Confinamiento de Terrorismo (CECOT).[4] And it has continued to defy both the U.S. District Court for the District of Maryland and the Supreme Court in the case of Kilmer Abrego Garcia, the Maryland man that the administration admits it wrongly deported to El Salvador and who languishes today in CECOT

---

[3] The Supreme Court reaffirmed this principle in its opinion in the *J.G.G.* case, holding that individuals alleged to be members of Tren de Aragua have a right to notice and to be heard before their removal. *Trump v. J.G.G.*, 604 U.S. _ (2025) ("AEA detainees must receive notice after the date of this order that they are subject to removal under the Act. The notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs.").

[4] Shuham, *Judges, Attorneys Face Trump's Salvadoran Black Hole*, *available at* https://www.huffpost.com/entry/cecot-el-salvador-lawyers-judges-ice-custody_n_67f980e4e4b05c9df5d3a9ad?utm_campaign=share_email&ncid=other_email_o63gt2 jcad4 ("The fact pattern of the detainees sent to El Salvador 'fits every definition of an enforced disappearance under international law,' said Denise L. Gilman, who co-directs the immigration clinic at the University of Texas School of Law.").

with little hope he will ever return to the United States. *Abrego Garcia v. Kristi Noem*, 604 U.S. __ (2025)

13.     There is a grave danger that if the stay of the dismissal order in this case is not extended pending the appeal of the Magistrate Court's Order, the Government will immediately and summarily deport Mr. Villatoro Santos to El Salvador in violation of the law, in violation of the Constitution, and in violation of the Supreme Court's most recent decisions reaffirming the right of immigrants to notice and an opportunity to be heard prior to removal. In that event, this Court will immediately lose jurisdiction, and Mr. Villatoro Santos will have no legal recourse to contest his unlawful and unconstitutional deportation.  His appeal would immediately become moot.

14.     Through its very public pronouncements and attacks on Mr. Villatoro Santos, including bellicose statements by the Attorney General, the FBI Director, the Virginia Governor, and President Trump himself, the Government has effectively placed a target on Mr. Villatoro's back: if he were to be deported to El Salvador, there is no doubt he will immediately be detained at CECOT without trial, and there will be no way out from there.  And to be clear, this life-altering fate would result from the unproven allegations of a government that chose to forego criminal prosecution, where there is due process and a burden of proof to meet, in favor of deportation to a country in which there is little to no respect for the rule of law. Mr. Villatoro Santos faces the risk of an effective life sentence without trial, or worse.

15.     This risk is not an imaginary or speculative one: multiple statements by high level government officials about Mr. Villatoro Santos strongly indicate the Government may intend to immediately deport him upon dismissal of his case, without notice and a hearing in immigration court. The same evening that Mr. Villatoro Santos filed his Motion to Delay Entry of the Dismissal

Order, Attorney General Pamela Bondi said in a statement: "As a terrorist, he will now face the removal process."[5]  The next morning, Virginia Governor Glenn Youngkin, who was directly involved in coordinating the arrest of Mr. Villatoro Santos, said the following to Fox News about Mr. Villatoro Santos's case: "The charges from the Department of Justice under [Attorney General Pam Bondi] were dropped *so that the person can be deported underlined immediately* and get out of this country and *go back to prison in El Salvador*." (emphasis added).[6]

16.     Since then and until now, the Government has flatly refused to disclose whether it intends to violate the law in connection with the removal of Mr. Villatoro Santos as it did in the case of Kilmer Abrego Garcia, and others, who were summarily removed with any notice and without any due process of law.  *Kristi Noem v. Kilmar Armando Abrego Garcia*, 604 U.S. __ (2025) ("The United States acknowledges that Abrego Garcia was subject to a withholding order forbidding his removal to El Salvador, and that the removal to El Salvador was therefore illegal. The United States represents that the removal to El Salvador was the result of an 'administrative error.'").

17.     The harm Mr. Villatoro Santos would face if summarily removed once he is placed in ICE custody the morning of April 18, 2025 is irreparable.  This Court will have no ability to force the Government to retrieve him from El Salvador, as we have seen in the case of Mr. Abrego Garcia.

18.     Mr. Villatoro Santos has legitimate legal defenses to removability, including protection under the Convention Against Torture.  But he can only assert those defenses if the

---

[5]  *See*  https://www.politico.com/news/2025/04/09/drop-criminal-case-man-called-gang-leader-00283355to drop criminal case against man they previously called a major gang leader - POLITICO

[6]  *See*  https://www.wvtf.org/news/2025-04-10/youngkin-backs-removal-of-alleged-ms-13-gang-leader-without-trial

Government follows the law and provides him with a Notice to Appear and a hearing in immigration court. There is a substantial risk that this administration will not do so in this case.

19. Finally, extending the stay of the dismissal order pending resolution of Mr. Villatoro Santos's appeal of the magistrate's decision will not prejudice the Government in any way. He remains in custody and remains subject to an ICE detainer.

Accordingly, Mr. Villatoro Santos, by counsel, moves the Court to enter an order staying the dismissal of his case and prohibiting his transfer to ICE custody pending the final resolution of his appeal to the District Court of the Order of the magistrate court (Dkt. # 20).

Respectfully Submitted,
Henrry Villatoro Santos
By Counsel

ELSAYED LAW PLLC

BY: _____/s/_____
Muhammad Elsayed
Virginia Bar No. 86151
3955 Chain Bridge Road
Second Floor
Fairfax, Virginia 22030
(703) 884-2636
(703) 884-2637 (fax)
me@elsayedlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

_____/s/_____
Muhammad Elsayed
Virginia Bar No. 86151
3955 Chain Bridge Road
Second Floor
Fairfax, Virginia 22030
(703) 884-2636

(703) 884-2637 (fax)
me@elsayedlaw.com